PER CURIAM
*757 Defendant was convicted of possession of heroin, possession of oxycodone, and possession of hydrocodone after a police officer discovered those drugs while searching her purse in connection with a traffic stop. On appeal, she argues that the trial court erred in denying her motion to suppress the drug evidence, because the officer's request for consent to search her purse unlawfully extended the traffic stop in violation of Article I, section 9, of the Oregon Constitution. The state concedes that, under the facts of this case, the officer's request unlawfully extended the stop and the trial court erred in denying the motion to suppress. We agree with and accept the state's concession, and we therefore reverse and remand defendant's convictions. See State v. Reich , 287 Or. App. 292, 302-03, 403 P.3d 448 (2017) (holding that the trial court should have granted the motion to suppress based on an unlawful extension of the stop where "[t]he state failed to prove that [the officer's] request for consent to search defendant's person was justified by reasonable suspicion or occurred during an unavoidable lull").
Reversed and remanded.